JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT

| | |
|---|---|
| DON PATRICK, individually and as parent and next friend of BRANDON PATRICK,<br><br>Plaintiffs,<br><br>v.<br><br>HP COMMUNICATIONS, INC., and RUDY GAMBOA,<br><br>Defendants. | Case No.: EDCV 23-00317-CJC (SPx)<br><br><br>ORDER REMANDING ACTION TO STATE COURT |
| HP COMMUNICATIONS, INC., and RUDY GAMBOA,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>SUNBELT RENTALS, INC., and ROES 1 through 50, inclusive,<br><br>Third-Party Defendants | |

On April 5, 2022, Plaintiff Don Patrick, individually and as parent and next friend of B.P., a minor, filed this action against Defendants HP Communications, Inc., and Rudy Gamboa in the Superior Court of California, County of Riverside. (*See* Dkt. 1-3 Ex. 1A [page 5 of PDF].) The claims involved allegations of negligent driving by Gamboa, an employee, agent, or authorized driver of HP. (*See id.* [¶¶ 6–13, at pages 6–7 of PDF].) On January 18, 2022, Defendants brought claims against Sunbelt Rentals, Inc., for implied contractual indemnity, apportionment of fault and contribution, equitable indemnity, and declaratory relief. (*See id.* [page 11 of PDF].) Though styled as "cross-claims," these claims appear to be in fact third-party claims, since Sunbelt was first brought into the action through claims by Defendants, and Sunbelt thus appears to be a third-party defendant. On February 24, 2023, Sunbelt removed to this Court, invoking diversity jurisdiction. (*See* Dkt. 1 [Cross-Defendant Sunbelt Rentals, Inc.'s Notice of Removal of Civil Action to Federal Court, hereinafter "Notice"].) On March 2, 2023, the Court ordered Sunbelt to show cause why this action should not be remanded for lack of subject matter jurisdiction. (*See* Dkt. 9 [Order to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction].)

Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Further, federal courts have a duty to examine their

subject matter jurisdiction whether or not the parties raise the issue.  *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").  "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, No. CV 12–08985, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed *by the defendant or the defendants*[] to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a) (emphasis added).  It is textbook law that "[t]hird party defendants (i.e., those joined by defendant, rather than by plaintiff) cannot remove actions to federal court." Virginia A. Phillips & Karen L. Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California and Ninth Circuit Editions* ¶ 2:2256 (Apr. 2022 Update); *see also Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011) (noting that the statute "preclude[s] removal by third-party defendants to an action").  As the Supreme Court recently explained, "[t]he use of the term 'defendant' in related contexts bolsters our determination that Congress did not intend for the phrase 'the defendant or the defendants' in § 1441(a) to include third-party counterclaim defendants." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1749 (2019).  "[T]he Federal Rules of Civil Procedure differentiate between third-party defendants, counterclaim defendants, and defendants," and "in other removal provisions, Congress has clearly extended the reach of the statute to include parties other than the original defendant." *Id.*

Sunbelt defends its removal by citing case law on the "separate and independent" claims doctrine.  (Dkt. 17 [Cross-Defendant Sunbelt Rentals, Inc.'s Response to Order to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter

Jurisdiction] at 5.) Sunbelt appears to harken to 28 U.S.C. § 1441(c), which allows for removal of an action involving claims arising under federal law joined with transactionally unrelated state law claims or with claims made nonremovable by statute. *See* Phillips & Stevenson, *supra*, ¶ 2:2811. The prior wording of the statute labeled the latter set of nonremovable claims as "separate and independent" claims. *See id*. That wording is no longer in the statute, and § 1441(c) applies only when one or more claims arise under federal law, which is not the case here. In any event, the "separate and independent" claims doctrine dealt only with *what* claims are removable, not *who* may remove. And the *who* does not encompass third-party defendants, like Sunbelt.

Accordingly, the Court **REMANDS** this action to the Superior Court of California, County of Riverside.

DATED: March 29, 2023

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE